UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DALE GRAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00115-JPH-MJD |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Dale Grau is a prisoner currently incarcerated at the United States Penitentiary in Coleman, Florida. He filed this civil action against the Federal Bureau of Prisons (BOP) seeking money damages for the lack of treatment he received for a hernia and a cyst on his kidney while incarcerated at the United States Penitentiary in Terre Haute, Indiana. Mr. Grau asserts that the lack of treatment violated his Eighth Amendment rights. Because Mr. Grau is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law.  28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

This complaint cannot proceed under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* because the only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the

composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue"). The failure to name the appropriate defendant requires the dismissal of this claim.

Nor can this action proceed under *Bivens.* Under certain circumstances, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015). *See also Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, (1980). However, no *Bivens* claim can proceed because no individual defendants are named in the caption.

Because the Court has been unable to identify a viable claim for relief against the BOP, the only named defendant, the complaint is subject to dismissal.

### III. Opportunity to Show Cause

The plaintiff shall have **through June 14, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave

Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 5/22/2023

                                        *James Patrick Hanlon*
                                        James Patrick Hanlon
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

DALE GRAU
09307-030
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521